# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL B. MACEWEN, Personal Representative of the Estate of PAMELA S. PEITZ, deceased 196 Chesley Drive Falling Waters, West Virginia 25419 | * * * | |
| and | * | |
| BARRETT M. PEITZ, surviving son of PAMELA S. PEITZ, deceased 350 Hastings Street Pittsburgh, Pennsylvania 15206 | * * * | Case No.: _____ |
| Plaintiffs | | |
| v. | * | |
| MEDICAL PRACTICES OF ANTIETAM, LLC, t/a MERITUS CENTER FOR BREAST HEALTH 11110 Medical Campus Road Hagerstown, Maryland 21742 | * * * | |
| **Serve On:** Joseph P. Ross 11116 Medical Campus Road Hagerstown, Maryland 21742 | * * | |
| and | * | |
| ASSOCIATED RADIOLOGISTS, PA 251 Antietam Street Hagerstown, Maryland 21740 | * * | |
| **Serve On:** Robert A. Snyder, Jr. 100 Light Street, 11th Floor Baltimore, Maryland 21202 | * * | |
| and | * | |
| DIAGNOSTIC IMAGING SERVICES, LLC 11110 Medical Campus Road, Suite 229 Hagerstown, Maryland 21742 | * | |

|  |  |
|---|---|
| **Serve On:** <br> Joseph P. Ross <br> 11116 Medical Campus Road <br> Hagerstown, Maryland 21742 | * <br><br> * |
| and | * |
| NARASIM S. MURTHY, M.D. <br> Associated Radiologists, PA <br> 322 East Antietam Street, Suite 106 <br> Hagerstown, Maryland 21740 | * <br><br> * |
| and | * |
| UNIVERSITY OF MARYLAND <br> MEDICAL CENTER, LLC <br> 22 South Greene Street <br> Baltimore, Maryland 21201 | * <br><br> * |
| **Serve On:** <br> Megan M. Arthur <br> 250 W. Pratt Street <br> 24th Floor <br> Baltimore, Maryland  21201 | * <br><br> * <br><br> * |
| and | * |
| SUSAN B. KESMODEL, M.D. <br> University of Miami <br> 1120 NW 14th Street, #410T <br> Miami, Florida 33136 | * <br><br> * <br><br> * |
| Defendants | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiffs Daniel B. MacEwen ("Mr, Personal Representative of the Estate of Pamela S. Peitz, deceased, and Barrett M. Peitz, surviving son of Pamela S. Peitz, deceased, through their attorneys, Paul D. Bekman, Aryeh M. Rabinowitz, and Bekman, Marder, and Adkins, LLC, Stephen G. Skinner, and the Skinner Law Firm, sue the Defendants, Medical Practices of

2

Antietam, LLC, t/a Meritus Center for Breast Health; Associated Radiologists, PA; Diagnostic Imaging Services, LLC; Narasim S. Murthy, M.D.; University of Maryland Medical Center, LLC; and Susan B. Kesmodel, M.D., and state as follows:

## JURISDICTION AND VENUE

1. On or about March 8, 2018, a Statement of Claim (HCA No. 2018-114) alleging medical negligence, along with two Certificates of Qualified Expert and Reports and an Election to Waive Arbitration, were filed on behalf of Ms. Peitz with the Health Claims Alternative Dispute Resolution Office ("HCADRO"). *See* Statement of Claim, Certificates of Qualified Expert and Reports, and Election to Waive Arbitration, attached as **Exhibit 1**.

2. HCADRO issued an Order of Transfer to the United States District Court for the District of Maryland on March 12, 2018. *See* Order of Transfer, attached as **Exhibit 2**.

3. After the Statement of Claim was filed, but before the Order of Transfer was issued, on March 9, 2018, Ms. Peitz passed away from the injuries suffered as a result of the medical negligence. *See* Death Certificate, attached as **Exhibit 3**.

4. Ms. Peitz's partner, Daniel B. MacEwen, was named the Personal Representative of her Estate on April 18, 2018. *See* Letter of Administration, attached **Exhibit 4**.

5. Because the Order of Transfer was filed on March 12, 2018, the 60-day deadline to file the Complaint in federal court fell on or about May 10, 2018. Therefore, a complaint was filed in the U.S. District Court (Case No.: 1:18-cv-01204) on April 24, 2018, regarding the claims that had already been placed before HCADRO. *See* Complaint, attached as **Exhibit 5**. Concurrent with that filing, Mr. MacEwen filed a Suggestion of Death and Motion to Substitute Party Plaintiff. That motion was granted on April 26, 2018. *See* Order granting motion to substitute party plaintiff, attached as **Exhibit 6**.

6. On or about May 2, 2018, a Statement of Claim (HCA No. 2018-217) alleging medical negligence, along with two Certificates of Qualified Expert and Reports and an Election to Waive Arbitration, were filed by Plaintiffs Daniel B. MacEwen, Personal Representative of the Estate of Pamela S. Peitz, and Barrett M. Peitz, surviving son of Pamela S. Peitz, deceased, with HCADRO. *See* Statement of Claim, Certificates of Qualified Expert and Reports, and Election to Waive Arbitration, attached as **Exhibit 7**. This statement of claim included the damages that stemmed from Ms. Peitz's death.

7. HCADRO issued an Order of Transfer to the United States District Court for the District of Maryland on May 4, 2018. *See* Order of Transfer, attached as **Exhibit 8**.

8. The amount of this claim exceeds Thirty Thousand Dollars ($30,000.00).

9. Plaintiff Daniel B. MacEwen is the personal representative of the Estate of Pamela S. Peitz. Mr. MacEwen and Ms. Peitz were citizens and residents of West Virginia.

10. Plaintiff Barrett M. Peitz is the surviving son of Ms. Peitz. Mr. Peitz is a citizen and resident of Pennsylvania.

11. Jurisdiction is proper in the United States District Court for the District of Maryland under 28 U.S.C. § 1332, as this controversy involves a dispute between citizens of different states and the amount in controversy exceeds the jurisdictional requirement.

12. Defendant Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health, is a Maryland limited liability company with its principal office in Hagerstown, Maryland.

13. At all relevant times, Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health, held itself out to the public, including Ms. Peitz, as a provider of broad range of medical services, including but not limited to the diagnosis and treatment of cancer.

14. Defendant Associated Radiologists, PA, is a Maryland professional corporation with its principal office in Hagerstown, Maryland.

15. At all relevant times, Associated Radiologists, PA, held itself out to the public, including Ms. Peitz, as a provider of services relating to the field of radiology, including but not limited to radiology related to cancer.

16. Defendant Diagnostic Imaging Services, LLC, is a Maryland limited liability company with its principal office in Hagerstown, Maryland.

17. At all relevant times, Diagnostic Imaging Services, LLC, held itself out to the public, including Ms. Peitz, as a provider of services relating to the field of radiology, including but not limited to radiology related to cancer.

18. Narasim S. Murthy, M.D., is a radologist licensed to practice in Maryland. At all relevant times, Dr. Murthy held himself out to the public, and to Ms. Peitz, as an experienced, competent and able radiologist, possessing and providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to such a practice and, as such, owed a duty to Ms. Peitz to render that degree of care and treatment to her which is ordinarily rendered by those who devote special study and attention to the practice of radiology.

19. At all relevant times, Dr. Murthy held himself out to the public, including to Ms. Peitz, as a provider of services relating to the field of radiology, including but not limited to radiology related to cancer.

20. At all relevant times, Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health, Associated Radiologists, PA, and Diagnostic Imaging Services, LLC, were acting individually and/or by and through its actual and/or apparent agents, servants, and employees, including but not limited to Dr. Murthy.

21. Defendant University of Maryland Medical Center, LLC, is a Maryland limited liability company corporation with its principal office in Baltimore, Maryland.

22. At all relevant times, University of Maryland Medical Center, LLC, held itself out to the public, including to Ms. Peitz, as a provider of broad range of medical services, including but not limited to the diagnosis and treatment of cancer.

23. Susan B. Kesmodel, M.D., is a surgical oncologist licensed to practice in Maryland, Florida, and Texas. At all relevant times, Dr. Kesmodel held herself out to the public, and to Ms. Peitz, as an experienced, competent and able surgical oncologist, possessing and providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to such a practice and, as such, owed a duty to Ms. Peitz to render that degree of care and treatment to her which is ordinarily rendered by those who devote special study and attention to the practice of surgical oncology.

24. At all relevant times, Dr. Kesmodel held herself out to the public, including to Ms. Peitz, as a provider of services relating to the field of surgical oncology, including but not limited to surgery related to cancer.

25. At all relevant times, Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health, and University of Maryland Medical Center, LLC, were acting individually and/or by and through its actual and/or apparent agents, servants, and employees, including but not limited to Dr. Kesmodel.

## Factual Background

26. Plaintiffs adopt and incorporate herein all preceding paragraphs.

27. Ms. Peitz was diagnosed with early-stage breast cancer in 2015. There was no evidence of any metastatic disease. She was scheduled to have a lumpectomy and radiation to

treat the breast cancer.

28. As part of the preoperative course for the lumpectomy, the surgical oncologist who was treating Ms. Peitz at the Meritus Center for Breast Health, and who was employed by the University of Maryland Medical Center, Dr. Susan Kesmodel, ordered a chest x-ray.

29. The chest x-ray was performed on April 28, 2015. It was read at the Meritus Center for Breast Health by an employee of Radiology Associates, PA and Diagnostic Imaging Services, LLC, Dr. Narasim Murthy. Dr. Murthy noted that:

> There is an irregularly marginated nodule seen overlying the RIGHT chest on the frontal view. This appears to be located posteriorly on the lateral view and is likely within the RIGHT lower lobe and measures 2.2 x 2.7 x 3.0 cm.

In his impressions, Dr. Murthy continued that there was a:

> Somewhat cavitary appearing oval poorly defined nodule within the RIGHT lower lobe measuring 2.2 x 3 x 2.7 cm. CT chest with contrast is suggested for further evaluation.

30. Despite Dr. Murthy identifying a mass in Ms. Peitz's right lung, and even though he thought it serious enough to suggest a further CT scan of the chest with contrast to evaluate the mass, Dr. Murthy, in violation of the standard of care, did not directly communicate his finding to the ordering physician, Dr. Kesmodel, or to the patient, Ms. Peitz. And, although Dr. Kesmodel, as the ordering physician, received a written copy of Dr. Murthy's report, as noted on the face of the report, she did not act in any way to inform Ms. Peitz of Dr. Murthy's findings, or to conduct further studying and testing of the mass in Ms. Peitz's right lung. This too was in breach of the standard of care.

31. Ms. Peitz underwent lumpectomy and radiation for her breast cancer in 2015. She did not have any further issues relating to her breast cancer.

32. In April 2017, Ms. Peitz began to have trouble breathing, and developed flu-like

7

symptoms, a cough, and fatigue. Her primary care physician sent her for a chest x-ray on April 14, 2017. The chest x-ray report compared the findings to the findings of the previous chest x-ray of April 28, 2015, and noted:

> Nodular mass involving the RIGHT lower lobe is again seen. This measures today 3.5 x 3.5 x 3.8 cm. Previously this had measured 2.8 x 2.2 x 3.2 cm, increased in size.

The impressions noted as well, that there was an:

> Increasing size RIGHT lower lobe pulmonary nodule or mass measuring currently 3.5 x 3.5 x 3.8 cm. Previously, this had measured, 2.8 x 2.2 x 3.2 cm, increased in size. Further evaluation with CT scan with contrast is suggested.

33. Ms. Peitz underwent a follow-up CT scan of the thorax with contrast on April 19, 2017. The scan found a mass in the superior segment of the lower right lobe measuring about 5 x 2.9 x 3.1 cm. There were also enlarged right hilar (2.4 x 1.8 cm) and subcarinal lymph nodes (2.0 x 1.8 cm and 1.8 x 1.2 cm), a pulmonary nodule in the right lower lobe measuring 7 x 6 mm, and possible atelectasis in the right lung. A biopsy of the masses showed that these lesions were uniquely lung cancer, and not a spreading of Ms. Peitz's earlier breast cancer. The scan also found a sclerotic lesion at L1 that was consistent with metastatic disease.

34. Subsequent testing showed that the lung cancer had metastasized to Ms. Peitz's spine (L1, L4, and L5, including the destruction of most of the right aspect of the L1 vertebral body), sacrum, and brain (lesions in both cerebellar hemispheres, left occipital lobe, left temporal lobe, right frontal lobe, and right parietal lobe).

35. Ms. Peitz began radiation therapy with the prognosis that she would die of metastatic lung cancer. If the existence of the mass in her lung had been communicated properly, and the mass had been treated in April 2015, then her chance of survival would have been greater than 50%. By the time that the mass in her lung, and the accompanying metastatic disease, was

properly identified and treated in April 2017, her chance of survival was far less than 50%.

36. Ms. Peitz died from her illness on March 9, 2018.

## COUNT I – SURVIVAL CLAIM – MEDICAL NEGLIGENCE
(Meritus, Associated Radiologists, Diagnostic Imaging Services, and Dr. Murthy)

37. Plaintiffs adopt and incorporate by reference herein all preceding paragraphs.

38. At all relevant times, Defendants were engaged in a healthcare provider—patient relationship. As such, Defendants owed Ms. Peitz a duty to provide her with the appropriate standard of medical care and treatment of a reasonably prudent health care provider and radiologist, including in the proper communication of the findings on the chest x-ray taken on April 28, 2015.

39. During the course of their relationship, Dr. Murthy was acting as the actual and/or apparent agent, servant, or employee of Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health, Associated Radiologists, PA, and Diagnostic Imaging Services, LLC, and was acting in the scope of said employment. The Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health, Associated Radiologists, PA, and Diagnostic Imaging Services, LLC Defendants are therefore vicariously liable for Dr. Murthy's conduct.

40. Defendants breached their aforementioned duty to the Ms. Peitz in that they:

    a. Failed to properly and directly communicate the findings of the chest x-ray of April 28, 2015, which identified a mass in Ms. Peitz's right lung, to either the ordering physician, Dr. Kesmodel, or to the patient, Ms. Peitz;

    b. Were otherwise negligent, careless, and reckless.

41. As a proximate and direct result of Defendants' negligence, the mass in Ms. Peitz's right lung was left to grow for two years. This caused Ms. Peitz to suffer irreparable harm, and severe and permanent physical injuries and damages, prior to her death. These damages include the extensive enlargement and growth of the mass in her right lung, and the

metastasis of the lesion to her spine, sacrum, and brain, and culminated in her death. If the existence of the mass in her lung had been communicated properly, and the mass had been resected in 2015 when she had early-stage lung cancer, then her chance of survival would have been greater than 50%. By the time that the mass in her lung, and the accompanying metastatic disease, was properly identified and treated in 2017 when she had Stage 4 lung cancer, her chance of survival was far less than 50%. Ms. Peitz incurred increased medical care and treatment, severe pain and suffering, mental anguish, inconvenience and discomfort, lost wages, diminished enjoyment of life, and other damages, prior to her death, due to the negligence of Defendants. As a result of Ms. Peitz's death, Plaintiffs also incurred funeral expenses, which are also claimed as damages.

42. All of the losses, damages, injuries, sustained by Ms. Peitz, including her death, were directly and proximately caused by the negligence of Defendants, without any negligence on the part of Plaintiffs contributing thereto.

WHEREFORE, Plaintiff Daniel B. MacEwen, as Personal Representative of the Estate of Pamela S. Peitz, deceased, claims damages against Defendants in an amount to be determined by a jury, together with all costs.

### COUNT II – SURVIVAL CLAIM – MEDICAL NEGLIGENCE
(Meritus, University of Maryland Medical Center, and Dr. Kesmodel)

43. Plaintiffs adopt and incorporate by reference herein all preceding paragraphs.

44. At all relevant times, Defendants were engaged in a healthcare provider—patient relationship. As such, Defendants owed Ms. Peitz a duty to provide her with the appropriate standard of medical care and treatment of a reasonably prudent health care provider and surgical oncologist, including in taking proper action based on the findings in chest x-ray reports.

45. During the course of their relationship, Dr. Kesmodel was acting as the actual

and/or apparent agent, servant, or employee of Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health, and University of Maryland Medical Center, LLC, and was acting in the scope of said employment. The Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health, and University of Maryland Medical Center, LLC, Defendants are therefore vicariously liable for Dr. Kesmodel's conduct.

46. Defendants breached their aforementioned duty to the Ms. Peitz in that they:

   a. Failed to properly review the findings of the chest x-ray taken on April 28, 2015, which identified a mass in Ms. Peitz's right lung, after ordering the chest x-ray;

   b. Failed to correctly inform and advise Ms. Peitz of the findings of the chest x-ray;

   c. Failed to properly treat the mass in Ms. Peitz's right lung;

   d. Were otherwise negligent, careless, and reckless.

47. As a proximate and direct result of Defendants' negligence, the mass in Ms. Peitz's right lung was left to grow for two years. This caused Ms. Peitz to suffer irreparable harm, and severe and permanent physical injuries and damages, prior to her death. These damages include the extensive enlargement and growth of the mass in her right lung, and the metastasis of the lesion to her spine, sacrum, and brain, and culminated in her death. If the existence of the mass in her lung had been communicated properly, and the mass had been resected in 2015 when she had early-stage lung cancer, then her chance of survival would have been greater than 50%. By the time that the mass in her lung, and the accompanying metastatic disease, was properly identified and treated in 2017 when she had Stage 4 lung cancer, her chance of survival was far less than 50%. Ms. Peitz incurred increased medical care and treatment, severe pain and suffering, mental anguish, inconvenience and discomfort, lost wages, diminished enjoyment of life, and other damages, prior to her death, due to the negligence of

Defendants. As a result of Ms. Peitz's death, Plaintiffs also incurred funeral expenses, which are also claimed as damages.

48. All of the losses, damages, injuries, sustained by Ms. Peitz, including her death, were directly and proximately caused by the negligence of Defendants, without any negligence on the part of Plaintiffs contributing thereto.

WHEREFORE, Plaintiff Daniel B. MacEwen, as Personal Representative of the Estate of Pamela S. Peitz, deceased, claims damages against Defendants in an amount to be determined by a jury, together with all costs.

## COUNT III – WRONGFUL DEATH CLAIM

49. Plaintiffs adopt and incorporate by reference herein all preceding paragraphs.

50. As a result of the negligence of Defendants and the wrongful death of Pamela S. Peitz, Barrett M. Peitz, as the surviving son of Pamela S. Peitz, suffered severe mental anguish, emotional pain and suffering, and the loss of the society, companionship, comfort, protection, care, attention, advice, counsel, training, guidance, and education that the Decedent, Pamela S. Peitz, could have, and would have, afforded and rendered had she continued to live.

51. By reasons of the actions of Defendants, which culminated in the death of the Decedent, Pamela S. Peitz, a cause of action has accrued in accordance with CP § 3-901, *et seq.* to Barrett M. Peitz, the surviving son of the Decedent, Pamela S. Peitz, for the compensation to him for all the damages, injuries and losses, which he sustained and which were caused by the actions of Defendants as previously set forth.

52. All of the losses, damages, injuries, sustained by Ms. Peitz, including her death, were directly and proximately caused by the negligence of Defendants, without any negligence on the part of Plaintiffs contributing thereto.

WHEREFORE, Plaintiff Barrett M. Peitz, as the surviving son of Pamela S. Peitz, deceased, claims damages against Defendants in an amount to be determined by a jury, together with all costs.

*signature*

Paul D. Bekman
bekman@bmalawfirm.com
Aryeh M. Rabinowitz
rabinowitz@bmalawfirm.com
BEKMAN, MARDER & ADKINS, LLC
300 W. Pratt Street, Suite 450
Baltimore MD 21201
410-539-6633

*signature*

Stephen G. Skinner
sskinner@skinnerfirm.com
SKINNER LAW FIRM
115 E. Washington Street
Charles Town, WV 25414

***Attorneys for Plaintiffs***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL B. MACEWEN, *et al.* | * | |
| Plaintiffs | * | |
| v. | * | Case No.: _____ |
| MEDICAL PRACTICES OF ANTIETAM LLC, *et al.* | * | |
| | * | |
| Defendants | * | |
| | * | |

*************

## ELECTION FOR JURY TRIAL

Plaintiffs Daniel B. MacEwen, Personal Representative of the Estate of Pamela S. Peitz, and Barrett M. Peitz, surviving son of Ms. Peitz, by their attorneys, Paul D. Bekman, Aryeh M. Rabinowitz, and Bekman, Marder, and Adkins, LLC, and Stephen G. Skinner, and the Skinner Law Firm, respectfully requests a trial by jury in the above captioned matter.

/s/ Paul D. Bekman
Paul D. Bekman
bekman@bmalawfirm.com
Aryeh M. Rabinowitz
rabinowitz@bmalawfirm.com
BEKMAN, MARDER & ADKINS, LLC
300 W. Pratt Street, Suite 450
Baltimore MD 21201
410-539-6633

/s/ Stephen G. Skinner
Stephen G. Skinner
sskinner@skinnerfirm.com
SKINNER LAW FIRM
115 E. Washington Street
Charles Town, WV 25414

*Attorneys for Plaintiffs*