# EXHIBIT 1

**HEALTH CARE ALTERNATIVE DISPUTE RESOLUTION OFFICE**
6 St. Paul Street, Suite 1501
Baltimore, Maryland 21202-1608
(410) 767-8200

CLAIM FORM         HCA NO.

## CLAIMANT(S)

PAMELA S. PEITZ
_____
Name
196 Chesley Drive
_____
Street Address
Falling Waters, WV 25419
_____
City, State, Zip Code

_____
Name
_____
Street Address
_____
City, State, Zip Code

_____
Name
_____
Street Address
_____
City, State, Zip Code

## HEALTH CARE PROVIDER(S)

MEDICAL PRACTICES OF ANTIETAM, LLC, t/a
MERITUS CENTER FOR BREAST HEALTH
_____
Name
11110 Medical Campus Drive
_____
Street Address
Hagerstown, MD 21742
_____
City, State, Zip Code

ASSOCATED RADIOLOGISTS, PA
_____
Name
251 Antietam Street
_____
Street Address
Hagerstown, MD 21740
_____
City, State, Zip Code

DIAGNOSTIC IMAGING SERVICES, LLC
_____
Name
11110 Medical Campus Road, Suite 229
_____
Street Address
Hagerstown, MD 21742
_____
City, State, Zip Code

(1) This claim is filed pursuant to Title 3, Subtitle 2A of the Courts Article. The damages claimed are in excess of $30,000.00, and the appropriate venue is: U.S. District Court for the District of Maryland

(2) The basis of the claim is described on the page(s) attached hereto.

(3) The resolution of the claim will involve particular expertise in this area of specialty
084-Oncology, Medical
050-Radiology, Diagnostic
059-Surgery, General
(PLEASE SEE REVERSE SIDE FOR AREAS OF CONCENTRATION)

**WARNING:** Each Claimant has been advised that he/she may be held civilly liable for part or all the Costs resulting from the filing of th claim, whether it is won or lost; this would be an individual and personal responsibility.

ATTORNEY FOR CLAIMANT(S)

_~signature~_ A.R.
_____
Signature   PAUL D. BEKMAN

300 W. Pratt Street, Suite 450
_____
Street Address

Baltimore, MD 21201
_____
City, State, Zip Code

(410) 539-6633
_____
Telephone Number

CLAIMANT(S)

_~signature~_ A.R.
_____
Signature for each Claimant   PAMELA S. PEITZ

_____

_____

_____

# HEALTH CARE ALTERNATIVE DISPUTE RESOLUTION OFFICE
6 St. Paul Street, Suite 1501
Baltimore, Maryland 21202-1608
(410) 767-8200

## CLAIM FORM       HCA NO.

**CLAIMANT(S)**

PAMELA S. PEITZ (continued)
Name

Street Address

City, State, Zip Code

Name

Street Address

City, State, Zip Code

Name

Street Address

City, State, Zip Code

**HEALTH CARE PROVIDER(S)**

NARASIM S. MURTHY, M.D.
Name  Associated Radiologists, PA
322 East Antietam Street, Suite 106
Street Address
Hagerstown, MD 21740
City, State, Zip Code

UNIVERSITY OF MARYLAND
MEDICAL CENTER, LLC
Name
22 S. Greene Street
Street Address
Baltimore, MD 21201
City, State, Zip Code

SUSAN B. KESMODEL, M.D.
Name  University of Miami
1120 NW 14th Street, #410T
Street Address
Miami, Florida 33136
City, State, Zip Code

(1) This claim is filed pursuant to Title 3, Subtitle 2A of the Courts Article. The damages claimed are in excess of $30,000.00, and the appropriate venue is: _____

(2) The basis of the claim is described on the page(s) attached hereto.

(3) The resolution of the claim will involve particular expertise in this area of specialty _____
                         (PLEASE SEE REVERSE SIDE FOR AREAS OF CONCENTRATION)

**WARNING:** Each Claimant has been advised that he/she may be held civilly liable for part or all the Costs resulting from the filing of th claim, whether it is won or lost; this would be an individual and personal responsibility.

**ATTORNEY FOR CLAIMANT(S)**

Signature

Street Address

City, State, Zip Code

Telephone Number

**CLAIMANT(S)**

Signature for each Claimant

PAMELA S. PEITZ         *     IN THE
196 Chesley Drive
Falling Waters, West Virginia 25419   *     HEALTH CARE

      Claimant                 *     ALTERNATIVE DISPUTE

v.                            *     RESOLUTION OFFICE

MEDICAL PRACTICES OF        *     OF MARYLAND
ANTIETAM, LLC, t/a MERITUS
CENTER FOR BREAST HEALTH   *
11110 Medical Campus Road
Hagerstown, Maryland 21742     *     HCA No.: _____

      **Serve On:**             *
      Joseph P. Ross
      11116 Medical Campus Road   *
      Hagerstown, Maryland 21742

and                          *

ASSOCIATED RADIOLOGISTS, PA   *
251 Antietam Street
Hagerstown, Maryland 21740     *

      **Serve On:**             *
      Robert A. Snyder, Jr.
      100 Light Street, 11th Floor     *
      Baltimore, Maryland 21202

and                          *

DIAGNOSTIC IMAGING SERVICES, LLC
11110 Medical Campus Road, Suite 229
Hagerstown, Maryland 21742     *

      **Serve On:**             *
      Joseph P. Ross
      11116 Medical Campus Road   *
      Hagerstown, Maryland 21742

and                          *

NARASIM S. MURTHY, M.D.      *
Associated Radiologists, PA
322 East Antietam Street, Suite 106   *
Hagerstown, Maryland 21740

and                                         *

UNIVERSITY OF MARYLAND                      *
MEDICAL CENTER, LLC
22 South Greene Street                      *
Baltimore, Maryland 21201

    **Serve On:**                        *
    Megan M. Arthur
    250 W. Pratt Street                 *
    24th Floor
    Baltimore, Maryland  21201          *

and                                         *

SUSAN B. KESMODEL, M.D.                      *
University of Miami
1120 NW 14th Street, #410T                  *
Miami, Florida 33136
                                            *
    Health Care Providers
                                            *

*************

## STATEMENT OF CLAIM

Claimant, Pamela S. Peitz ("Ms. Peitz"), by and through her attorneys, Paul D. Bekman,

Aryeh M. Rabinowitz, and Bekman, Marder, and Adkins, LLC, sue the Health Care Providers,

Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health; Associated

Radiologists, PA; Diagnostic Imaging Services, LLC; Narasim S. Murthy, M.D.; University of

Maryland Medical Center, LLC; and Susan B. Kesmodel, M.D., and states as follows:

## JURISDICTION AND VENUE

1.     The Claimant, Ms. Peitz, is a citizen and resident of West Virginia.

2.     The amount of this claim exceeds Thirty Thousand Dollars ($30,000.00).

3.     Venue is proper in the United States District Court for the District of Maryland, as this controversy involves a dispute between citizens of different states.

4.     The Health Care Provider Defendant Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health, is a Maryland limited liability company with its principal office in Hagerstown, Maryland.

5.     At all relevant times, Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health, held itself out to the public, including Ms. Peitz, as a provider of broad range of medical services, including but not limited to the diagnosis and treatment of cancer.

6.     The Health Care Provider Defendant Associated Radiologists, PA, is a Maryland professional corporation with its principal office in Hagerstown, Maryland.

7.     At all relevant times, Associated Radiologists, PA, held itself out to the public, including Ms. Peitz, as a provider of services relating to the field of radiology, including but not limited to radiology related to cancer.

8.     The Health Care Provider Defendant Diagnostic Imaging Services, LLC, is a Maryland limited liability company with its principal office in Hagerstown, Maryland.

9.     At all relevant times, Diagnostic Imaging Services, LLC, held itself out to the public, including Ms. Peitz, as a provider of services relating to the field of radiology, including but not limited to radiology related to cancer.

10.     Narasim S. Murthy, M.D., is a radologist licensed to practice in Maryland. At all relevant times, Dr. Murthy held himself out to the public, and to Ms. Peitz, as an experienced, competent and able radiologist, possessing and providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to such a practice

3

and, as such, owed a duty to Ms. Peitz to render that degree of care and treatment to her which is ordinarily rendered by those who devote special study and attention to the practice of radiology.

11.     At all relevant times, Dr. Murthy held himself out to the public, including to Ms. Peitz, as a provider of services relating to the field of radiology, including but not limited to radiology related to cancer.

12.     At all relevant times, Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health, Associated Radiologists, PA, and Diagnostic Imaging Services, LLC, were acting individually and/or by and through its actual and/or apparent agents, servants, and employees, including but not limited to Dr. Murthy.

13.     The Health Care Provider Defendant University of Maryland Medical Center, LLC, is a Maryland limited liability company corporation with its principal office in Baltimore, Maryland.

14.     At all relevant times, University of Maryland Medical Center, LLC, held itself out to the public, including to Ms. Peitz, as a provider of broad range of medical services, including but not limited to the diagnosis and treatment of cancer.

15.     Susan B. Kesmodel, M.D., is a surgical oncologist licensed to practice in Maryland, Florida, and Texas. At all relevant times, Dr. Kesmodel held herself out to the public, and to Ms. Peitz, as an experienced, competent and able surgical oncologist, possessing and providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to such a practice and, as such, owed a duty to Ms. Peitz to render that degree of care and treatment to her which is ordinarily rendered by those who devote special study and attention to the practice of surgical oncology.

4

16.    At all relevant times, Dr. Kesmodel held herself out to the public, including to Ms. Peitz, as a provider of services relating to the field of surgical oncology, including but not limited to surgery related to cancer.

17.    At all relevant times, Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health, and University of Maryland Medical Center, LLC, were acting individually and/or by and through its actual and/or apparent agents, servants, and employees, including but not limited to Dr. Kesmodel.

### Factual Background

18.    The Claimant, Ms. Peitz, adopts and incorporates herein all preceding paragraphs.

19.    Ms. Peitz was diagnosed with early-stage breast cancer in 2015. There was no evidence of any metastatic disease. She was scheduled to have a lumpectomy and radiation to treat the breast cancer.

20.    As part of the preoperative course for the lumpectomy, the surgical oncologist who was treating Ms. Peitz at the Meritus Center for Breast Health, and who was employed by the University of Maryland Medical Center, Dr. Susan Kesmodel, ordered a chest x-ray.

21.    The chest x-ray was performed on April 28, 2015. It was read at the Meritus Center for Breast Health by an employee of Radiology Associates, PA and Diagnostic Imaging Services, LLC, Dr. Narasim Murthy. Dr. Murthy noted that:

> There is an irregularly marginated nodule seen overlying the RIGHT chest on the frontal view. This appears to be located posteriorly on the lateral view and is likely within the RIGHT lower lobe and measures 2.2 x 2.7 x 3.0 cm.

In his impressions, Dr. Murthy continued that there was a:

> Somewhat cavitary appearing oval poorly defined nodule within the RIGHT lower lobe measuring 2.2 x 3 x 2.7 cm. CT chest with contrast is suggested for further evaluation.

22.     Despite Dr. Murthy identifying a mass in Ms. Peitz's right lung, and even though he thought it serious enough to suggest a further CT scan of the chest with contrast to evaluate the mass, Dr. Murthy, in violation of the standard of care, did not directly communicate his finding to the ordering physician, Dr. Kesmodel, or to the patient, Ms. Peitz. And, although Dr. Kesmodel, as the ordering physician, received a written copy of Dr. Murthy's report, as noted on the face of the report, she did not act in any way to inform Ms. Peitz of Dr. Murthy's findings, or to conduct further studying and testing of the mass in Ms. Peitz's right lung. This too was in breach of the standard of care.

23.     Ms. Peitz underwent lumpectomy and radiation for her breast cancer in 2015. She did not have any further issues relating to her breast cancer.

24.     In April 2017, Ms. Peitz began to have trouble breathing, and developed flu-like symptoms, a cough, and fatigue. Her primary care physician sent her for a chest x-ray on April 14, 2017. The chest x-ray report compared the findings to the findings of the previous chest x-ray of April 28, 2015, and noted:

> Nodular mass involving the RIGHT lower lobe is again seen. This measures today 3.5 x 3.5 x 3.8 cm. Previously this had measured 2.8 x 2.2 x 3.2 cm, increased in size.

The impressions noted as well, that there was an:

> Increasing size RIGHT lower lobe pulmonary nodule or mass measuring currently 3.5 x 3.5 x 3.8 cm. Previously, this had measured, 2.8 x 2.2 x 3.2 cm, increased in size. Further evaluation with CT scan with contrast is suggested.

25.     Ms. Peitz underwent a follow-up CT scan of the thorax with contrast on April 19, 2017. The scan found a mass in the superior segment of the lower right lobe measuring about 5 x 2.9 x 3.1 cm. There were also enlarged right hilar (2.4 x 1.8 cm) and subcarinal lymph nodes (2.0 x 1.8 cm and 1.8 x 1.2 cm), a pulmonary nodule in the right lower lobe measuring 7 x 6 mm, and

6

possible atelectasis in the right lung. A biopsy of the masses showed that these lesions were uniquely lung cancer, and not a spreading of Ms. Peitz's earlier breast cancer. The scan also found a sclerotic lesion at L1 that was consistent with metastatic disease.

26.     Subsequent testing showed that the lung cancer had metastasized to Ms. Peitz's spine (L1, L4, and L5, including the destruction of most of the right aspect of the L1 vertebral body), sacrum, and brain (lesions in both cerebellar hemispheres, left occipital lobe, left temporal lobe, right frontal lobe, and right parietal lobe).

27.     Ms. Peitz has since begun radiation therapy. Her prognosis is that she will die of metastatic lung cancer. If the existence of the mass in her lung had been communicated properly, and the mass had been treated in April 2015, then her chance of survival would have been greater than 50%. By the time that the mass in her lung, and the accompanying metastatic disease, was properly identified and treated in April 2017, her chance of survival was far less than 50%.

## COUNT I – MEDICAL NEGLIGENCE
(Meritus, Associated Radiologists, Diagnostic Imaging Services, and Dr. Murthy)

28.     The Claimant, Ms. Peitz, adopts and incorporates by reference herein all preceding paragraphs.

29.     At all relevant times, the Health Care Provider Defendants were engaged in a healthcare provider—patient relationship.  As such, the Health Care Providers owed Ms. Peitz a duty to provide her with the appropriate standard of medical care and treatment of a reasonably prudent health care provider and radiologist, including in the proper communication of the findings on the chest x-ray taken on April 28, 2015.

30.     During the course of their relationship, Dr. Murthy was acting as the actual and/or apparent agent, servant, or employee of Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health, Associated Radiologists, PA, and Diagnostic Imaging Services, LLC, and was

7

acting in the scope of said employment. The Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health, Associated Radiologists, PA, and Diagnostic Imaging Services, LLC Defendants are therefore vicariously liable for Dr. Murthy's conduct.

31. The Health Care Provider Defendants breached their aforementioned duty to the Ms. Peitz in that they:

a. Failed to properly and directly communicate the findings of the chest x-ray of April 28, 2015, which identified a mass in Ms. Peitz's right lung, to either the ordering physician, Dr. Kesmodel, or to the patient, Ms. Peitz;

b. Were otherwise negligent, careless, and reckless.

## COUNT II – MEDICAL NEGLIGENCE
(Meritus, University of Maryland Medical Center, and Dr. Kesmodel)

32. The Claimant, Ms. Peitz, adopts and incorporates by reference herein all preceding paragraphs.

33. At all relevant times, the Health Care Provider Defendants were engaged in a healthcare provider—patient relationship. As such, the Health Care Providers owed Ms. Peitz a duty to provide her with the appropriate standard of medical care and treatment of a reasonably prudent health care provider and surgical oncologist, including in taking proper action based on the findings in chest x-ray reports.

34. During the course of their relationship, Dr. Kesmodel was acting as the actual and/or apparent agent, servant, or employee of Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health, and University of Maryland Medical Center, LLC, and was acting in the scope of said employment. The Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health, and University of Maryland Medical Center, LLC Defendants are therefore vicariously liable for Dr. Kesmodel's conduct.

35. The Health Care Provider Defendants breached their aforementioned duty to the

8

Ms. Peitz in that they:

    a.    Failed to properly review the findings of the chest x-ray taken on April 28, 2015, which identified a mass in Ms. Peitz's right lung, after ordering the chest x-ray;

    b.    Failed to correctly inform and advise Ms. Peitz of the findings of the chest x-ray;

    c.    Failed to properly treat the mass in Ms. Peitz's right lung;

    d.    Were otherwise negligent, careless, and reckless.

36.    As a proximate and direct result of the Defendant Health Care Providers' negligence, the mass in Ms. Peitz's right lung was left to grow for two years. This caused Ms. Peitz to suffer irreparable harm, and severe and permanent physical injuries and damages. These damages include the extensive enlargement and growth of the mass in her right lung, and the metastasis of the lesion to her spine, sacrum, and brain. At this point, Ms. Peitz's prognosis is extremely poor. If the existence of the mass in her lung had been communicated properly, and the mass had been resected in 2015 when she had early-stage lung cancer, then her chance of survival would have been greater than 50%. By the time that the mass in her lung, and the accompanying metastatic disease, was properly identified and treated in 2017 when she had Stage 4 lung cancer, her chance of survival was far less than 50%. Ms. Peitz has incurred increased medical care and treatment, severe pain and suffering, mental anguish, inconvenience and discomfort, lost wages, diminished enjoyment of life, and other damages due to the negligence of the Defendant Health Care Providers.

37.    All of the losses, damages, and injuries sustained by Ms. Peitz are permanent in nature and were directly and proximately caused by the negligence of the Defendant Health Care Providers, without any negligence on the part of Ms. Peitz contributing thereto.

WHEREFORE, the Claimant, Ms. Peitz, demands judgment in her favor against the

Health Care Provider Defendants in an amount to be determined by a panel of the Health Care

Alternative Dispute Resolution Office of Maryland, together with all costs.

Paul D. Bekman
bekman@bmalawfirm.com
Aryeh M. Rabinowitz
rabinowitz@bmalawfirm.com
BEKMAN, MARDER & ADKINS, LLC
300 W. Pratt Street, Suite 450
Baltimore MD 21201
410-539-6633

Stephen G. Skinner
sskinner@skinnerfirm.com
SKINNER LAW FIRM
115 E. Washington Street
Charles Town, WV 25414

**Attorneys for Claimants**

10

| PAMELA S. PEITZ | * | IN THE |
| --- | --- | --- |
| Claimant | * | HEALTH CARE |
| v. | * | ALTERNATIVE DISPUTE |
| MEDICAL PRACTICES OF ANTIETAM LLC, *et al.* | * | RESOLUTION OFFICE |
| | * | OF MARYLAND |
| Health Care Providers | * | HCA No.: |
| | * | |

************

## ELECTION TO WAIVE ARBITRATION

Claimant, Pamela S. Peitz, by and through her attorneys, Paul D. Bekman, Aryeh M. Rabinowitz, and Bekman, Marder, and Adkins, LLC, pursuant to Md. Code Ann., Cts. & Jud. Proc. § 3-2A-06A, hereby waive the arbitration of the above-captioned claim to the United States District Court for the District of Maryland.

Respectfully submitted,

Paul D. Bekman
bekman@bmalawfirm.com
Aryeh M. Rabinowitz
rabinowitz@bmalawfirm.com
BEKMAN, MARDER & ADKINS, LLC
300 W. Pratt Street, Suite 450
Baltimore MD 21201
410-539-6633
*Attorneys for Claimants*

PAMELA S. PEITZ         *    IN THE

      Claimant           *    HEALTH CARE

v.                     *    ALTERNATIVE DISPUTE

MEDICAL PRACTICES OF ANTIETAM   *    RESOLUTION OFFICE
LLC, *et al.*

                                 *    OF MARYLAND

      Health Care Providers      *    HCA No.:

                                 *

*************

## CERTIFICATE OF QUALIFIED EXPERT AND REPORT

I, DOUGLAS S. KATZ, M.D., hereby certify that I am board certified in Diagnostic Radiology, and that I am licensed to practice medicine in New York State.

I hereby certify that I have had clinical experience, provided consultation relating to clinical practice and/or taught in the field of diagnostic radiology within the five (5) years of the date of the alleged acts and omissions giving rise to this cause of action. This experience includes the reading, interpreting, and reporting of chest x-rays, and the proper communication of the findings of chest x-rays, such as the Claimant, Ms. Peitz, underwent.

I hereby certify that less than twenty percent (20%) of my professional duties are devoted to activities that directly involve testimony in personal injury claims.

I hereby certify that I have reviewed the diagnostic radiology images and reports from Diagnostic Radiology Images, LLC.

I hereby certify that based on my training, expertise and review, the care and treatment rendered to Ms. Peitz by the Defendant Health Care Providers: Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health; Associated Radiologists, PA; Diagnostic Imaging Services, LLC; Narasim S. Murthy, M.D, breached the accepted standards of medical care, I

03/04/2018  10:42   15166633884                    RADIOLOGY FILE ROOM                    PAGE  03/06

hereby certify that I have read the above and it is true and correct to the best of my knowledge,

information and belief.


DATED:  3/4/18                              Douglas S. Katz, M.D.

## REPORT RE:  PAMELA S. PEITZ

I, Douglas S. Katz, M.D., incorporate by reference all that is contained in the Certificate of Qualified Expert which I have signed in this case.

I have reviewed the records as set forth in the Certificate of Qualified Expert.

Ms. Peitz was diagnosed with early-stage breast cancer in 2015. There was no evidence of any metastatic disease. She was scheduled to have a lumpectomy and radiation to treat the breast cancer. As part of the preoperative course for the lumpectomy, the surgical oncologist who was treating Ms. Peitz at the Meritus Center for Breast Health, and who was employed by the University of Maryland Medical Center, Dr. Susan Kesmodel, ordered a routine chest x-ray.

The chest x-ray was performed on April 28, 2015. It was read at the Meritus Center for Breast Health by an employee of Radiology Associates, PA and Diagnostic Imaging Services, LLC, Dr. Narasim Murthy. Dr. Murthy noted that:

> There is an irregularly marginated nodule seen overlying the RIGHT chest on the frontal view. This appears to be located posteriorly on the lateral view and is likely within the RIGHT lower lobe and measures 2.2 x 2.7 x 3.0 cm.

In his impressions, Dr. Murthy continued that there was a:

> Somewhat cavitary appearing oval poorly defined nodule within the RIGHT lower lobe measuring 2.2 x 3 x 2.7 cm. CT chest with contrast is suggested for further evaluation.

Despite Dr. Murthy identifying a mass in Ms. Peitz's right lung, and even though he thought it serious enough to suggest a further CT scan of the chest with contrast to evaluate the mass, Dr. Murthy, in violation of the standard of care, did not directly communicate his finding to the ordering physician, Dr. Kesmodel, or to the patient, Ms. Peitz. And, although Dr. Kesmodel, as the ordering physician, received a written copy of Dr. Murthy's report, as noted on the face of the report, she did not act in any way to inform Ms. Peitz of Dr. Murthy's finding, or

to conduct further studying and testing of the mass in Ms. Peitz's right lung.

Ms. Peitz underwent lumpectomy and radiation for her breast cancer in 2015. She did not

have any further issues relating to her breast cancer.

In 2017, Ms. Peitz began to have trouble breathing, and developed flu-like symptoms, a

cough, and fatigue. Her primary care physician sent her for a chest x-ray on April 14, 2017. The

chest x-ray report compared the findings to the findings of the previous chest x-ray of April 28,

2015, and noted:

> Nodular mass involving the RIGHT lower lobe is again seen. This
> measures today 3.5 x 3.5 x 3.8 cm. Previously this had measured
> 2.8 x 2.2 x 3.2 cm, increased in size.

The impressions noted as well, that there was an:

> Increasing size RIGHT lower lobe pulmonary nodule or mass
> measuring currently 3.5 x 3.5 x 3.8 cm. Previously, this had
> measured, 2.8 x 2.2 x 3.2 cm, increased in size. Further evaluation
> with CT scan with contrast is suggested.

Ms. Peitz underwent a follow-up CT scan of the thorax with contrast on April 19, 2017.

The scan found a mass in the superior segment of the lower right lobe measuring about 5 x 2.9 x

3.1 cm. There were also enlarged right hilar (2.4 x 1.8 cm) and subcarinal lymph nodes (2.0 x 1.8

cm and 1.8 x 1.2 cm), a pulmonary nodule in the right lower lobe measuring 7 x 6 mm, and

possible atelectasis in the right lung. A biopsy of the masses showed that these lesions were

uniquely lung cancer, and not a spreading of Ms. Peitz's earlier breast cancer. The scan also

found a sclerotic lesion at L1 that was consistent with metastatic disease.

Subsequent testing showed that the lung cancer had metastasized to Ms. Peitz's spine

(L1, L4, and L5, including the destruction of most of the right aspect of the L1 vertebral body),

sacrum, and brain (lesions in both cerebellar hemispheres, left occipital lobe, left temporal lobe,

right frontal lobe, and right parietal lobe). Ms. Peitz has since begun radiation therapy. Her

prognosis is that she will die of metastatic lung cancer.

Dr. Murthy breached the standard of care with respect to his handling of the findings of the April 28, 2015 chest x-ray. The standard of care required that Dr. Murthy correctly read, interpret, report, and communicate the findings of the chest x-ray. While Dr. Murthy correctly identified the mass in Ms. Peitz's right lung, and included a notation of the mass in his report, he failed to properly communicate the findings of the chest x-ray to either the ordering physician, Dr. Kesmodel, or to the patient, Ms. Peitz. Therefore, it is my opinion to a reasonable degree of medical probability that this failure was a breach in the standard of care.

For the purposes of my opinions, I have assumed that Dr. Murthy was the agent, employee, or apparent agent of Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health; Associated Radiologists, PA; and Diagnostic Imaging Services, LLC.

These are my opinions as of the date of this report. As further information is acquired, I reserve the right to amend, alter, or supplement my opinions as appropriate. All of them are made to a reasonable degree of medical probability and are based on my training, expertise and review.

DATED: 3/4/18

Douglas S. Katz, M.D.



The University of Vermont

LARNER COLLEGE OF MEDICINE

| | | |
|---|---|---|
| PAMELA S. PEITZ | * | IN THE |
| Claimant | * | HEALTH CARE |
| v. | * | ALTERNATIVE DISPUTE |
| MEDICAL PRACTICES OF ANTIETAM LLC, *et al.* | * | RESOLUTION OFFICE |
| | * | OF MARYLAND |
| Health Care Providers | * | HCA No.: |
| | * | |

*************

## CERTIFICATE OF QUALIFIED EXPERT AND REPORT

I, DAVID N. KRAG, M.D., hereby certify that I am board certified in Surgery, and that I am licensed to practice in Vermont.

I hereby certify that I have had clinical experience, provided consultation relating to clinical practice and/or taught in the field of surgical oncology within the five (5) years of the date of the alleged acts and omissions giving rise to this cause of action. This experience includes reviewing chest x-ray reports that were ordered by a surgical oncologist from a radiologist, informing and advising patients about the contents of the report, and diagnosing and treating cancer, such as the Claimant, Ms. Peitz, underwent.

I hereby certify that less than twenty percent (20%) of my professional duties are devoted to activities that directly involve testimony in personal injury claims.

I hereby certify that I have reviewed the following medical records of Ms. Peitz, which include, but are not limited to, the following: Meritus Center for Breast Health, Meritus Internal Medicine, John R. Marsh Cancer Center—Meritus Health, Antietam Oncology and Hematology Group, and the radiology images and reports from Diagnostic Radiology Images, LLC.

I hereby certify that based on my training, expertise and review, the care and treatment rendered to Ms. Peitz by the Defendant Health Care Providers: Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health; University of Maryland Medical Center, LLC; and Susan B. Kesmodel, M.D., breached the accepted standards of medical care. I also certify that the breach of the standards of care by these Defendants, and Defendants Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health; Associated Radiologists, PA; Diagnostic Imaging Services, LLC, proximately caused harm to Ms. Peitz.

I hereby certify that I have read the above and it is true and correct to the best of my knowledge, information and belief.

DATED: 3/2/18

David N. Krag, M.D.



## The University of Vermont
### LARNER COLLEGE OF MEDICINE

### REPORT RE:  PAMELA S. PEITZ

I, David N. Krag, M.D., incorporate by reference all that is contained in the Certificate of Qualified Expert which I have signed in this case.

I have reviewed the records as set forth in the Certificate of Qualified Expert.

Ms. Peitz was diagnosed with early-stage breast cancer in 2015. There was no evidence of any metastatic disease. She was scheduled to have a lumpectomy and radiation to treat the breast cancer. As part of the preoperative course for the lumpectomy, the surgical oncologist who was treating Ms. Peitz at the Meritus Center for Breast Health, and who was employed by the University of Maryland Medical Center, Dr. Susan Kesmodel, ordered a chest x-ray.

The chest x-ray was performed on April 28, 2015. It was read at the Meritus Center for Breast Health by an employee of Radiology Associates, PA and Diagnostic Imaging Services, LLC, Dr. Narasim Murthy. Dr. Murthy noted that:

> There is an irregularly marginated nodule seen overlying the RIGHT chest on the frontal view. This appears to be located posteriorly on the lateral view and is likely within the RIGHT lower lobe and measures 2.2 x 2.7 x 3.0 cm.

In his impressions, Dr. Murthy continued that there was a:

> Somewhat cavitary appearing oval poorly defined nodule within the RIGHT lower lobe measuring 2.2 x 3 x 2.7 cm.  CT chest with contrast is suggested for further evaluation.

Despite Dr. Murthy identifying a mass in Ms. Peitz's right lung, and even though he

thought it serious enough to suggest a further CT scan of the chest with contrast to evaluate the mass, Dr. Murthy did not directly communicate his finding to the ordering physician, Dr. Kesmodel, or to the patient, Ms. Peitz. And, although Dr. Kesmodel, as the ordering physician, received a written copy of Dr. Murthy's report, as noted on the face of the report, she did not act in any way to inform Ms. Peitz of Dr. Murthy's finding, or to conduct further studying and testing of the mass in Ms. Peitz's right lung, in breach of the standard of care.

Ms. Peitz underwent lumpectomy and radiation for her breast cancer in 2015. She did not have any further issues relating to her breast cancer.

In 2017, Ms. Peitz began to have trouble breathing, and developed flu-like symptoms, a cough, and fatigue. Her primary care physician sent her for a chest x-ray on April 14, 2017. The chest x-ray report compared the findings to the findings of the previous chest x-ray of April 28, 2015, and noted:

> Nodular mass involving the RIGHT lower lobe is again seen. This measures today 3.5 x 3.5 x 3.8 cm. Previously this had measured 2.8 x 2.2 x 3.2 cm, increased in size.

The impressions noted as well, that there was an:

> Increasing size RIGHT lower lobe pulmonary nodule or mass measuring currently 3.5 x 3.5 x 3.8 cm. Previously, this had measured, 2.8 x 2.2 x 3.2 cm, increased in size. Further evaluation with CT scan with contrast is suggested.

Ms. Peitz underwent a follow-up CT scan of the thorax with contrast on April 19, 2017. The scan found a mass in the superior segment of the lower right lobe measuring about 5 x 2.9 x 3.1 cm. There were also enlarged right hilar (2.4 x 1.8 cm) and subcarinal lymph nodes (2.0 x 1.8 cm and 1.8 x 1.2 cm), a pulmonary nodule in the right lower lobe measuring 7 x 6 mm, and possible atelectasis in the right lung. A biopsy of the masses showed that these lesions were uniquely lung cancer, and not a spreading of Ms. Peitz's earlier breast cancer. The scan also found a sclerotic

lesion at L1 that was consistent with metastatic disease.

Subsequent testing showed that the lung cancer had metastasized to Ms. Peitz's spine (L1, L4, and L5, including the destruction of most of the right aspect of the L1 vertebral body), sacrum, and brain (lesions in both cerebellar hemispheres, left occipital lobe, left temporal lobe, right frontal lobe, and right parietal lobe). Ms. Peitz has since begun radiation therapy. Her prognosis is that she will die of metastatic lung cancer.

Dr. Kesmodel breached the standard of care with respect to her handling of the findings of the April 28, 2015 chest x-ray. The standard of care required that Dr. Kesmodel, as the ordering physician, properly review the findings of the chest x-ray, which identified a mass in Ms. Peitz's right lung, and inform and advise Ms. Peitz of the findings, so that they could be addressed. Dr. Kesmodel did not do this. Although she, as the ordering physician, received a written copy of Dr. Murthy's report, as noted on the face of the report, she did not act in any way to inform Ms. Peitz of Dr. Murthy's findings, or conduct further studying and testing of the mass. Thus, it is my opinion to a reasonable degree of medical probability that these failures were breaches in the standards of care.

The deviations from the standards of care by all of the Defendants were a proximate cause of injury to Ms. Peitz. If Dr. Kesmodel had followed the standard of care, and properly reviewed the findings of the chest x-ray taken on April 28, 2015 and addressed the findings of a lung mass accordingly, Ms. Peitz would not have undergone the course that she did. The mass in her right lung would have been treated when it was 2.2 x 2.7 x 3.0 cm, rather than it was 5 x 2.9 x 3.1 cm, and before there was any metastasis to her spine, sacrum, and brain. She would have been treated when she had early Stage lung cancer, rather than when she had Stage 4 lung cancer. Her chance of survival in April 2015 would have been greater than 50%, instead of the far less than 50%

chance of survival that she had once the mass was reported out in April 2017. And, for the same reasons, if Dr. Murthy had properly communicated the findings of the chest x-ray to Dr. Kesmodel or Ms. Peitz, then Ms. Peitz would not have undergone the course that she did.

For the purposes of my opinions, I have assumed that Dr. Murthy was the agent, employee, or apparent agent of Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health; Associated Radiologists, PA; and Diagnostic Imaging Services, LLC. I have also assumed that Dr. Kesmodel was the agent, employee, or apparent agent of Medical Practices of Antietam, LLC, t/a Meritus Center for Breast Health, and University of Maryland Medical Center, LLC.

These are my opinions as of the date of this report. As further information is acquired, I reserve the right to amend, alter, or supplement my opinions as appropriate. All of them are made to a reasonable degree of medical probability and are based on my training, expertise and review.

DATED: 3/2/18

David N. Krag, M.D.